UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROCKETFUEL BLOCKCHAIN, INC.; and ROCKETFUEL BLOCKCHAIN COMPANY<br><br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>JOSEPH PAGE,<br><br>Defendant/Counter-Claimant. | Case No. 2:21-cv-00103-KJD-EJY<br><br>**ORDER** |
| JOSEPH PAGE,<br><br>Cross-Claimant,<br><br>v.<br><br>PACIFICWAVE PARTNERS LIMITED., et al,<br><br>Cross-Defendants. | |

Pending before the Court is Defendant's Motion for Bench Trial (ECF No. 39), Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 40), Plaintiffs' individually filed Discovery Plan and Scheduling Order (ECF No. 44), and Cross-Defendants' individually filed Discovery Plan and Scheduling Order (ECF No. 66). The Court has considered all responses and replies related to these pending motions and finds as follows.

**I.  BACKGROUND**

Plaintiffs filed this action against Defendant in the Central District of California, alleging violations of the Security Exchange Act and numerous California state laws. ECF No. 1. Defendant filed a motion to transfer venue, contending that a contract the parties signed, referred to as the "Contribution Agreement," included a forum-selection clause dictating that all actions arising out of or relating to the agreement shall be heard and determined "exclusively in any state or federal court

located in Las Vegas, Nevada." ECF No. 17; *see also* ECF No. 1-1 at 20 (Contribution Agreement, Attached as Exhibit 1 to Plaintiffs' Complaint). Before that motion was decided, Plaintiffs stipulated to a change of venue and the case was transferred to this Court on January 19, 2021. ECF Nos. 22, 24, 25.

On January 4, 2021, Defendant filed a "Cross-Complaint" against Plaintiffs and numerous other companies and individuals. ECF No. 18. Summons were issued for those Cross-Defendants on February 9, 2021. ECF No. 38. Defendant filed executed summons purporting to show that Cross-Defendants Henrik Rouf, Bennett Yankowitz, and PacificWave Partners Limited were served in March 2021.[1] The Cross-Defendants filed Motions to Dismiss for insufficient service of process and lack of personal jurisdiction. ECF Nos. 50, 56, 61.

On February 10, 2021, Defendant filed a Motion for Bench Trial relying on another clause in the Contribution Agreement waiving the parties' right to a jury trial. ECF No. 39. Plaintiffs opposed the motion (ECF No. 47), and Defendant replied (ECF No. 48).

On February 16, 2021, Plaintiffs filed a Motion for Leave to File First Amended Complaint, seeking to add Nevada statutory citations to its California claims. ECF No. 40. They also seek to add common law claims for breach of contract and breach of the implied covenant of fair dealing, as well as a request for specific performance as a remedy in connection with their contract claims. *Id*. at 2. Defendant opposed (ECF No. 46) and Plaintiffs replied (ECF No. 49).

Plaintiffs filed an Individual Proposed Discovery Plan and Scheduling Order on February 23, 2021, requesting a 270-day discovery period beginning from the date Plaintiffs filed their Answer to Defendant's Cross-Complaint. ECF No. 44. On May 10, 2021, Cross-Defendants filed an Individual Proposed Discovery Plan and Scheduling Order requesting that an additional 90 days be added to each proposed deadline in Plaintiffs' discovery plan. ECF No. 66.

---

[1] Summons were also issued for additional Cross-Defendants Gert Funk, Carsten Jensen, Henrik Oerbekker, PacificWave Partners UK Limited, PacificWave Partners Europe Sarl, and Saxton Capital Limited. ECF No. 38. No proof of service has been filed as to those potential Cross-Defendants. When the Court refers to Cross-Defendants in this Order, it refers only to the Cross-Defendants that have appeared in this case: Rouf, Yankowitz, and PacificWave Partners Limited.

## II. DISCUSSION

### A. Defendant's Motion for Bench Trial is denied as premature.

Defendant moves for a bench trial in response to Plaintiffs' Complaint seeking a jury trial. ECF No. 39. He contends that the Contribution Agreement Plaintiffs and Defendant signed waived the right to a jury trial for all signatories. *Id.* at 2, *see also* ECF No. 1-1 at 21. Plaintiffs respond that California law applies in this action, and California law does not allow parties to contractually waive jury rights. ECF No. 47 at 5-6. Further, Plaintiffs point out that the Cross-Defendants added by Defendant to this case had not been served at the time Defendant's Motion was filed. Plaintiffs contend that the Motion is premature because the other parties should not be stripped of their right to a jury trial before they are served and appear in this case. *Id*. at 6-7. Plaintiffs also note that some of the Cross-Defendants may not be signatories to the Contribution Agreement and therefore should not be bound to its terms. *Id.*

Defendant responds that the Contribution Agreement includes a choice-of-law provision stating that the agreement "shall be governed by, construed and enforced in accordance with the Laws of the State of Nevada." ECF No. 48 at 3; *see also* ECF No. 1-1 at 20. Therefore, Defendant contends that Plaintiffs' choice-of-law argument fails, and Nevada law allows parties to contractually waive jury rights. *Id*. He also argues that Plaintiffs lack standing to advocate on behalf of the Cross-Defendants. *Id.* at 6–7.

The Court declines to determine choice-of-law issues, which will impact the entirety of this case and all parties involved, on a non-dispositive Motion for Bench Trial. Rather, given that no discovery order has been issued in this case and dispositive motions between Plaintiffs and Defendant have not been filed,[2] the Court denies this Motion as premature. *See*, *e.g.*, *Crossley v. Niazi*, Case No. 12-cv-2180-KKC-KDP, 2013 WL 12432703, at *1 (E.D. Cal. Aug. 23, 2013) (finding motion for bench trial premature when dispositive motions have not yet been filed);

---

[2] The Court notes that Cross-Defendants have filed Motions to Dismiss for personal jurisdiction and failure to effectuate service. ECF Nos. 50, 56, 61. The choice-of-law issue is not directly raised in those Motions. However, the applicability of the Contribution Agreement to some of the Cross-Defendants is discussed with respect to whether the agreement confers Nevada courts with personal jurisdiction over those Cross-Defendants. The Court will not interfere with the resolution of those Motions by making any findings about the Contribution Agreement's applicability to the Cross-Defendants here, particularly when the Cross-Defendants did not have the opportunity to respond to this Motion.

1 *Chitwood v. Bacon*, Case No. 20-cv-1222-HRH, 2020 WL 5732617, at *3 (D. Alaska Sept. 24, 2020) (finding motion for bench trial premature when filed over a year before discovery closed). The parties are free to argue choice-of-law issues in dispositive motions on the merits. Defendant may renew his motion for a bench trial at or after that time.

   B. <u>Plaintiffs' Motion for Leave to File First Amended Complaint is granted</u>.

Plaintiffs seek to add Nevada state laws as alternatives to their California-based causes of action, as well as common law claims for breach of contract and breach of the implied covenant of good faith and fair dealing. ECF No 40; *see also* ECF No. 40-1. Defendant does not oppose the addition of Nevada law citations for the existing causes of action, but objects to the addition of breach of contract and fair dealing claims. ECF No. 46. He contends that those claims are "highly repetitive, redundant, and unnecessary" and would therefore prejudice him. *Id*. at 3. Defendant also argues that the Motion was filed "more than 4.5 months from the initial filing of this litigation" and therefore constitutes undue delay. *Id.* at 3–4.

Defendant brings this Motion under Federal Rule of Civil Procedure 15(a). In relevant part, Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course . . . 21 days after serving it." If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing party's written consent or the Court's leave to file the amended pleading. Fed. R. Civ. P. 15(a)(2). A motion for leave to amend brought pursuant to Rule 15(a)(2) should be granted freely "when justice so requires." When a party seeks court permission to file an amended pleading, the decision whether to grant leave "lies within the sound discretion of" the court. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185–86 (9th Cir. 1987) (internal citation omitted). The amendment standard is "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

When considering whether to grant or deny a motion seeking leave to amend a pleading, the Court considers whether there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence*

*Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he consideration of prejudice to the opposing party [] carries the greatest weight." *Id.* (internal citations omitted). Here, Defendant does not contend that Plaintiffs' Motion was brought in bad faith[3] or that the causes of action Plaintiffs seek to add would be futile. The Court therefore focuses its Rule 15 analysis on undue delay and prejudice.

Defendant's argument that Plaintiffs' Motion should be denied because it was brought with undue delay is unavailing. Approximately five months elapsed between the initiation of this case and the filing of Plaintiffs' Motion. No discovery or scheduling orders have been entered. The parties remain at the very inception of this litigation. Defendant appears to contend that Plaintiffs were required to explain why they could not include their contract claims in their initial Complaint, or at the very least explain why it took them five months to seek amendment. In so arguing, Defendant mischaracterizes the Rule 15(a) standard to require that Plaintiffs demonstrate diligence in order to justify their amendment. Rule 15(a) requires no such showing. There is no evidence that Plaintiffs have engaged in undue delay in bringing this Motion.

Defendant also contends that amendment would prejudice him because the claims are "highly repetitive, redundant, and unnecessary." ECF No. 46 at 3. The Court disagrees. That Plaintiffs' contract claims may arise from the same facts underpinning Plaintiffs' other claims does not render them redundant or unnecessary. As Plaintiffs discuss in reply, their contract claims "require proof and offer remedies that are distinct and unavailable, respectively, under Plaintiffs' other claims." ECF No. 49 at 5. For example, Plaintiffs' contract claims allow Plaintiffs to seek specific performance as a remedy for breach. Plaintiffs' other claims do not allow for such relief. Plaintiffs seek to amend early in the litigation, allowing Defendant ample time to conduct discovery on and prepare defenses to the contract claims. Defendant has not shown that he would be unduly prejudiced by amendment. The Court therefore grants Plaintiffs' Motion to Amend.

---

[3] Defendant does begin his response by stating that Plaintiffs' proposed amendments were "not brought in good faith" (ECF No. 46 at 2) but does not support that bald assertion with any evidence or argument. Therefore, the Court does not consider it.

### C. Cross-Defendants' Proposed Discovery Plan and Scheduling Order is granted.

On February 23, 2021, Plaintiffs filed a Proposed Discovery Plan and Scheduling Order. ECF No. 44. They noted that Plaintiffs and Defendant had their FRCP 26(f) conference on February 9, 2021. *Id*. Following the conference Plaintiffs provided a copy of their discovery plan for Defendant's review and approval, but he did not respond. *Id*. Plaintiffs thus filed their proposed discovery plan individually. *Id*.

Since that date, Defendant filed purported proofs of service for Cross-Defendants Bennett Yankowitz, Henrik Rouf, and PacificWave Partners Limited. ECF No. 53. In March and April 2021, Cross-Defendants filed Motions to Dismiss. ECF Nos. 50, 56, 61. While noting that these Motions may obviate the need for a scheduling order with respect to the Cross-Defendants, they nonetheless filed a Proposed Discovery Plan and Scheduling Order. ECF No. 66. Defendant did not respond to Cross-Defendants' discovery plan, so it was filed individually. *Id*.

Plaintiffs request 270 days for discovery, calculated from the filing of Plaintiffs' Answer to Defendant's Cross-Complaint, "due to the delay caused by the transfer of this case" and because Defendant currently resides in France. ECF No. 44 at 3. Cross-Defendants request that 90 days be added to Plaintiffs' proposed deadlines because the Cross-Defendants were served approximately three months after Plaintiffs' Answer was filed. ECF No. 66 at 3.

The Court finds that a 360-day discovery period, which in effect is what Cross-Defendants ask for, is unreasonable in this case. Given Defendants' international address and the continued effects of the COVID-19 pandemic on international travel, the Court finds that Plaintiffs' request for a 270-day discovery period is reasonable and will allow sufficient time for Cross-Defendants to conduct discovery in this case. The Court therefore grants Plaintiffs' Proposed Discovery Plan and Scheduling Order and denies Cross-Defendants'. Any requests for an extension of the discovery period will be granted upon a demonstration that the parties have conducted all reasonable discovery possible within the original 270-day period.

### III. ORDER

IT IS HEREBY ORDERED that Defendant's Motion for Bench Trial (ECF No. 39) is **DENIED** without prejudice as premature.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to Amend Complaint (ECF NO. 40) is **GRANTED**. The Clerk of Court shall separate ECF No. 40-1 from ECF No. 40 and file the same as Plaintiffs' First Amended Complaint.

IT IS FURTHER ORDERED that Plaintiffs' Proposed Discovery Plan and Scheduling Order (ECF No. 44) is **GRANTED**. The Clerk of Court shall file the same as the controlling discovery plan and scheduling order.

IT IS FURTHER ORDERED that Cross-Defendants' Proposed Discovery Plan and Scheduling Order (ECF No. 66) is **DENIED.**

Dated this 27th day of May, 2021

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE