1
2
3
4                    UNITED STATES DISTRICT COURT
5                         DISTRICT OF NEVADA
6                               * * *
7    ROCKETFUEL BLOCKCHAIN, INC., a          Case No. 2:21-cv-00103-KJD-EJY
     Nevada corporation; and ROCKETFUEL
8    BLOCKCHAIN COMPANY, a Nevada            **ORDER GRANTING CROSS-**
     corporation,                            **DEFENDANTS' MOTION TO DISMISS**
9
                                 Plaintiffs,
10
11             v.
12   JOSEPH PAGE, and individual; and DOES 1
     THROUGH 10, inclusive,
13
                                 Defendants.
14        Before the Court are Cross-Defendants' Motions to Dismiss Crossclaims (ECF

15   #50/56/61). Cross-Claimant responded in opposition (ECF #54/58/61) and Cross-Defendant

16   replied (ECF #55/64/65). Cross-Claimant also filed a Motion for Default Judgment (ECF #59).

17        I.       Factual and Procedural Background

18         Plaintiff Rocketfuel Blockchain, Inc. ("Rocketfuel") brought this action against

19   Defendant Joseph Page ("Page") for his alleged securities violations in the Central District of

20   California. (ECF #50, at 2). The parties then stipulated to transfer the case to the District of

21   Nevada. (ECF #20). Page filed a counterclaim against Plaintiffs and a crossclaim against other

22   parties, alleging fraud, negligent misrepresentation, and unjust enrichment, and requested

23   declaratory judgment and injunctive relief. (ECF #18). Cross-Defendants Bennet J. Yankowitz

24   ("Yankowitz"), Henrik Rouf ("Rouf"), and PacificWave Partners Limited ("PacificWave") have

25   not answered the cross complaint, did not participate in the stipulation to transfer, and filed the

26   instant motions to dismiss. (ECF #50/56/61). Yankowitz and Rouf argue that this Court does not

27   have personal jurisdiction over them, and that Page failed to properly serve them. PacificWave

28   argues that Page did not properly execute service. Each asks the Court to dismiss the crossclaim

1     against them.

2          II.     Legal Standard

3          Under Federal Rule of Civil Procedure 12(b)(2) a party may move to dismiss a cause of

4 action for lack of personal jurisdiction. FED. R. CIV. P 12(b)(2). When a defendant makes such a

5 motion, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."

6 Schwarzenegger v. Fred Martin Motor. Co., 374 F.3d 797, 800 (9th Cir. 2004). Personal

7 jurisdiction requires that non-resident defendants must have "minimum contacts" with the forum

8 so as to "not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v.

9 Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction can be either general or specific.

10 "To establish general jurisdiction, the plaintiff must demonstrate that the defendant has sufficient

11 contacts to 'constitute the kind of continuous and systematic general business contacts that

12 approximate physical presence.'" In re Western States Wholesale Natural Gas Antitrust

13 Litigation, 715 F.3d 716, 741 (9th Cir. 2013) (quoting Glencore Grain Rotterdam B.V. v.

14 Shivnath Rai Harnarain Co., 284 F.3d 1114, 1124 (9th Cir. 2002)). To determine if specific

15 jurisdiction exists, courts use a three-prong test:

16

17          (1) The non-resident must purposefully direct his activities or consummate some
transaction with the forum or resident thereof; or perform some act by which he
18          purposefully avails himself of the privilege of conducting activities in the forum,
thereby invoking the benefits and protections of its laws; (2) the claim must be
19          one which arises out of or relates to the defendant's forum-related activities; and
(3) the exercise of jurisdiction must comport with fair play and substantial justice,
20          i.e., it must be reasonable.

21

22 Schwarzenegger, 374 F.3d at 802. The plaintiff bears the burden of proving the first two prongs,

23 and if he fails, "personal jurisdiction is not established." Id. If a plaintiff succeeds, "the burden

24 then shits to the defendant to 'present a compelling case' that the exercise of jurisdiction would

25 not be reasonable." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78 (1985)).

26          A party may also move to dismiss for insufficient service of process. FED. R. CIV. P.

27 12(b)(5). "Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil

28 Procedure, or there is no personal jurisdiction." Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th

1   Cir. 1982). Defendants must be "personally served or served in compliance with alternatives

2   listed" in 4(e). Id. "Neither actual notice nor simply naming the person in the caption of the

3   complaint will subject defendants to personal jurisdiction if service was not made in substantial

4   compliance with Rule 4." Id.

5          III.    Analysis

6          The Court construes a *pro se* motion liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007)

7   ("A document filed *pro se* is to be liberally construed . . ."). However, the Court "lacks the

8   power to act as a party's lawyer, even for *pro se* litigants." Bias v. Moynihan, 508 F.3d 1212,

9   1219 (9th Cir. 2007). Page chose to represent himself and brought his crossclaims against

10  Yankowitz, Rouf, and PacificWave after Rocketfuel sued him. Yankowitz and Rouf argue that

11  this Court lacks personal jurisdiction and that page failed to serve them. PacificWave only argues

12  that Page failed to effectuate proper service.

13             A.    Personal Jurisdiction

14         General jurisdiction is not present for either Yankowitz or Rouf as both are residents of

15  California. "For an individual, the paradigm forum for the exercise of general jurisdiction is the

16  individual's domicile." Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (quoting Goodyear

17  Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)). To establish general

18  jurisdiction for out-of-state corporations, courts look at the business contacts to determine if they

19  establish approximate physical presence. However, Yankowitz and Rouf are individuals who live

20  outside the forum and general jurisdiction does not apply. As such, specific jurisdiction must

21  exist. Specific jurisdiction looks at the party's contacts. The Schwarzenegger three-prong test

22  shows that the Court does not have jurisdiction over Yankowitz or Rouf. Page argues that

23  Yankowitz has sufficient contacts with Nevada because he works at a law firm that solicits

24  clients from Nevada, was involved in CoConnect and B4MC Gold Mines, two Nevada

25  corporations, is the director of Rocketfuel, a Nevada corporation, and drafted a forum selection

26  clause for Rocketfuel, identifying Nevada as the proper forum for lawsuits against the company.

27  Yankowitz has availed himself to the benefits and protections of Nevada law. However, Page has

28  not shown how his claim arises out of or relates to Yankowitz's forum-related activities.

1   *Schwarzenegger*, 374 F.3d at 802. Page's crossclaim brings claims against Yankowitz for his

2   alleged failure to procure funding for Rocketfuel. Page's complaint alleges that Yankowitz

3   "boasted of his ability to introduce the project and technology to rich Californians in the Los

4   Angeles investment community" and "would be able to arrange important introductory meetings

5   with powerful Silicon Valley [venture capitalists] as well as rich private investors in Los

6   Angeles." (ECF #18, at 27, 32). Page's allegations do not relate to Yankowitz's forum-related

7   activities. His positions working with other Nevada corporations uninvolved in this litigation are

8   irrelevant and his law firm's other business in Nevada does not give this court personal

9   jurisdiction over him. As such, Page has failed to meet his burden to establish personal

10   jurisdiction over Yankowitz in Nevada.

11       The same holds true for Rouf. Page's cross-complaint alleges that his meetings with Rouf

12   took place in Europe (ECF #18, at 10), that Rouf boasted about his connections with California

13   investors (ECF #18, at 7, 8, 23, 27, & 32), and that Rouf formed a strategy "for the company to

14   approach [venture capitalists] in California." (ECF #18, at 13). The complaint does not mention a

15   single connection between Rouf and Nevada besides Rocketfuel being a Nevada corporation.

16   Rouf is not alleged to work for Rocketfuel, only to have sought investors. Page has not shown

17   that Rouf purposely directed his activities or purposefully availed himself to Nevada.

18   *Schwarzenegger*, 374 F.3d at 802. Therefore, the Court lacks personal jurisdiction over Rouf.

19       Because the Court lacks personal jurisdiction over Yankowitz and Rouf, the motion to

20   dismiss is granted.

21           B.   Failure to Effectuate Proper Service

22       A party must be served pursuant to Federal Rule of Civil Procedure 4. The rule permits

23   service by

24

25   (a) delivering a copy of the summons and of the complaint to the individual
     personally; (b) leaving a copy of each at the individual's dwelling or usual place

26   of abode with someone of suitable age and discretion who resides there; or (c)
     delivering a copy of each to an agent authorized by appointment or by law to

27   receive service of process.

28

Fed. R. Civ. P. 4(e)(2). A party may also follow the state law for service in the state where the

claim is made. Id. at 4(e)(1). The Nevada rules of service mimic the federal rules but California, where this action originated, has narrower rules. California requires personal service on the individual or the individual's authorized agent. Am. Express Centurion Bank v. Zara, 199 Cal. App. 4th 383, 389 (2011). Here, Page argues that service was proper and included an affidavit from his process server to substantiate his argument. Service to Yankowitz was delivered to one of his law firm's offices. The receptionist there called Davida Goldman ("Goldman"), the administrator at the office location in which Yankowitz worked, to inform Goldman that there was a process server there. The receptionist told Goldman that the process server was there to serve someone at Shumaker Mallory, the firm Yankowitz works for. Because some of the attorneys are agents for service of process for some of the firm's clients, Goldman told the receptionist to send her the papers. Upon receiving the papers, Goldman realized that the papers were intended for Yankowitz in his individual capacity, not any of the clients. Yankowitz was never personally served, and Goldman was not an agent authorized to accept service on his behalf.

Rouf was not personally served either. Page's proof of service states that "Henrik Roug [sic] was served at his residence or usual place of abode with a copy of the summons delivered to Sharnel Parkins—Manager." (ECF #56, at 10). However, the address listed is not Rouf's residence, it is the address for the law firm Shumaker Mallory, counsel for Plaintiff. There is no one employed by Shumaker Mallory named Sharnel Parkins ("Parkins") and neither the management company nor landlord of the office know who Parkins is. Page's process server also attempted to serve PacificWave by delivering the papers to Parkins, but Parkins is not PacificWave's registered agent either. Page argues that because PacificWave provided the Shumaker Mallory address for purposes of Rule 5 service, and Page's process server left the complaint and summons at that address, service is proper. However, Rule 5 governs service of documents after the initial complaint and summons. Page was required to effectuate proper service under Rule 4 but failed to do so. The cross-defendants have not been personally served or received service through their registered agents. As such, dismissal is proper for insufficient service of process.

C.  Motion for Default Judgment

Page's motion for default judgment must also be denied. Page filed the motion seeking default judgment because PacificWave had not responded to the cross-complaint. However, as the Court has found, PacificWave was not properly served. The deadline to file an answer or make an appearance does not begin until service is properly effectuated. An answer must be filed "within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A). Because Page did not effectuate proper service, the deadline has not begun and PacificWave has not missed it. Therefore, Page's motion for default judgment in denied.

IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Cross-Defendants' Motions to Dismiss (ECF #50/56/61) are **GRANTED**.

IT IS FURTHER ORDERED that Cross-Claimant's Motion for Default Judgment (ECF #59) is **DENIED**.

Dated this 30th day of November, 2021.

Kent J. Dawson
United States District Judge