UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROCKETFUEL BLOCKCHAIN, INC., a Nevada corporation; and ROCKETFUEL BLOCKCHAIN COMPANY, a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH PAGE, an individual; and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-00103-KJD-EJY<br><br>**ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION TO CONTINUE TRIAL** |

Before the Court is Plaintiffs' Emergency Motion to Continue Trial (ECF #115). Defendant responded in opposition (ECF #120).

I.      Factual and Procedural Background

On April 12, 2022, the Court held a hearing regarding the Joint Pre-Trial Order ("JPTO"). (ECF #112). During the hearing, the parties agreed to file a JPTO no later than April 22, 2022. Id. The Court set a bench trial to begin on May 2, 2022. Id. After the trial date was set, Magistrate Judge Youchah set a settlement conference with the parties for April 20, 2022. (ECF #113). After further review of the attorneys' and witnesses' schedules, Plaintiffs determined that they would not be able to sufficiently participate in the settlement conference or prepare for trial on the dates scheduled. (ECF #115, at 3). Specifically, Plaintiffs' attorneys have a mediation on April 20, 2022, the same day as the settlement conference with Judge Youchah, outside Nevada; one of Plaintiffs' primary witnesses lives in Monaco and would not have sufficient time to travel to Las Vegas to prepare for trial; and Plaintiffs' representatives have scheduling conflicts that prohibit them from participating in and assisting in trial preparation. Id. Plaintiffs contacted Defendant Joseph Page ("Page") to inquire whether he would stipulate to a continuance of the

trial date. (ECF #115-1, at 3). When he indicated that he would not, Plaintiffs filed emergency motions to vacate the settlement conference and continue the trial. (ECF #115/116).

II.     Legal Standard

Courts have broad discretion to grant or deny a request to continue. United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985). When determining whether district courts have abused their discretion, the Ninth Circuit considers four factors: "(1) the defendant's diligence in preparing his case; (2) the likelihood that the continuance would serve a useful purpose; (3) the inconvenience to the court and opposing party; and (4) the harm the defendant suffered as a result of the denial of the continuance." United States v. Anguiano, 731 Fed.App'x. 699, 700 (9th Cir. July 19, 2018). A court's decision will not be reversed "unless the party whose request was denied suffered prejudice." Id. (quoting United States v. Mejia, 69 F.3d 309, 316 (9th Cir. 1995)).

III.    Analysis

Having made the relevant considerations, the Court finds that a continuance is warranted. Plaintiffs have been diligent in litigating this action to this point. Prior to this motion, Plaintiffs had not moved for any other continuances. (ECF #115, at 4). Plaintiffs are not attempting to delay or participating in gamesmanship. Instead, they want to productively participate in the settlement conference and be fully prepared for trial. This short continuance will give both parties the necessary time to do so.

Page argues that he will be inconvenienced and suffer prejudice if the motion is granted. He argues that he has been inconvenienced because he has canceled an important social event previously scheduled for the first week of May to accommodate the trial date and spent the weekend preparing his settlement conference statement in preparation for the April 20 conference. He also argues that Judge Youchah has been inconvenienced because she will be required to change her schedule, likely spent the weekend reviewing the pleadings and nature of the case to prepare for the settlement conference, and accepted a one-day period to consider both parties' lengthy settlement conference statements. None of these inconveniences is significant enough to deny the motion. Page could have avoided the weekend work by stipulating to the

continuance when Plaintiffs reached out to him. Additionally, Judge Youchah granted the motion to vacate the settlement conference and appears willing to accommodate the request. Finally, although Page canceled a social event scheduled for the first week of May to be available for trial, he does not indicate what the social event is or whether it can be rescheduled. As such, the factors weigh in favor of a continuance.

Page also argues that Plaintiffs had their chance to object to the trial date when it was presented at the hearing on April 12, 2022. The Court set the quick trial date because it was recommended by both parties in their JPTOs. However, that date was recommended nearly four months ago. The Court understands that schedules have changed, and other commitments have arisen since then. Plaintiffs checked their own schedules and quickly reached out to their clients to determine whether that date would work. After verifying that it would not, Plaintiffs immediately sought a stipulation to continue and now ask for just a six-week continuance. Page made it known to Plaintiffs that if the trial is rescheduled, he would be available in May or June. Six weeks will be sufficient to prepare for trial, coordinate travel schedules, and meaningfully participate in a settlement conference. Therefore, the Court grants the motion and sets the new trial date for June 6, 2022.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Emergency Motion to Continue Trial (ECF #115) is **GRANTED**.

IT IS FURTHER ORDERED that trial will begin on June 6, 2022.

Dated this 18th day of April, 2022.

_____
Kent J. Dawson
United States District Judge